**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL HUPP,<br><br>                              Petitioner,<br><br>               v.<br><br>SAN DIEGO SUPERIOR COURT, et al.,<br><br>                              Respondents. | Civil No.     11cv2909-IEG (RBB)<br><br>**ORDER:**<br><br>**(1)  DENYING IN FORMA PAUPERIS APPLICATION [Doc. No. 2];**<br><br>**(2)  DENYING MOTION FOR STAY OF SENTENCE [Doc. No. 3];**<br><br>**(3)  DENYING MOTION TO SHORTEN TIME [Doc. No. 4]; AND**<br><br>**(4)  DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner Paul Hupp has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  Petitioner challenges his state court conviction for contempt of court, and seeks a stay of the resultant 25-day jail sentence which he is scheduled to begin serving at the San Diego County Jail on January 3, 2012.  (Pet. at 1-2; Doc. No. 5 at 12.) Petitioner contends that: (1) his conviction is not supported by proof beyond a reasonable doubt; (2) he received ineffective assistance of counsel; (3) he was denied due process; and (4) he was denied equal protection.  (Pet. at 6.)  Petitioner has also filed a Motion to proceed in forma pauperis, a Motion to stay his sentence, and a Motion to shorten time to hear the stay motion. (Doc. Nos. 2-4.)

## REQUEST TO PROCEED IN FORMA PAUPERIS

A request to proceed in forma pauperis must be accompanied by an affidavit that includes a statement of all assets which shows inability to pay initial fees or give security, and must be executed under penalty of perjury. See Local Rule 3.2. Although Petitioner has provided the Court with the required affidavit, it is not signed under penalty of perjury. (See Doc. No. 2 at 3.) Thus, even assuming the affidavit demonstrates that Petitioner is unable to afford the $5.00 filing fee in this action, the Court **DENIES** the request to proceed in forma pauperis.

## IN CUSTODY REQUIREMENT

Upon review of the documents filed in this case, it appears that Petitioner is not presently in custody, nor was he when he filed the Petition. "Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994); see also 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)). Here, it is clear that Petitioner is not currently in custody, and was not in custody when he filed the Petition, as he indicates that he is not scheduled to begin serving his sentence until January 3, 2012. (See Pet. at 2; Doc. No. 5 at 12.)

## FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES

Moreover, even assuming Petitioner could satisfy the filing fee requirement and satisfy the custody requirement, the Petition is subject to dismissal for failure to allege exhaustion of state court remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal

rights have been violated.  The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned:  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>."  <u>Id.</u> at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court."  <u>Id.</u> at 366 (emphasis added).

Petitioner indicates that he was convicted of contempt of court for violating a restraining order, but states that he has not presented his claims to the California Supreme Court.  (<u>See</u> Pet. at 5.)  He states that: "Appeals from a contempt of court charge do not allow an appeal, to either the district court of appeal or the California Supreme Court.  As such there has been not [sic] proceeding, and without appellate counsel the process is too complex."  (<u>Id.</u>)  Although Petitioner is correct that California Code of Civil Procedure sections 904.1(a)(1)(b) and 1222 provide that no appeal lies from a judgment of contempt of court, an original habeas proceeding is available in the California Supreme Court to review a contempt of court adjudication.  <u>In re Coleman</u>, 12 Cal.3d 568, 572 & n.2 (1974).

The burden of proving that a claim has been exhausted lies with the petitioner.  <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).  Petitioner admits that he has not presented his claims to the California Supreme Court, and his filing of a habeas petition in this Court belies his contention that filing a habeas petition in the California Supreme Court is too complex for him.  Thus, Petitioner has not alleged exhaustion of state court remedies.  As the Petition contains only unexhausted claims, it is subject to dismissal.  <u>See</u> <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (stating that "[o]nce a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust.")

**<u>CONCLUSION AND ORDER</u>**

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that

the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.
Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas
relief because he has not satisfied the filing fee requirement, is not currently in custody, and has
not alleged exhaustion of state court remedies.  Accordingly, the Court **DISMISSES** the Petition
without prejudice.  Petitioner's Motion to stay his sentence and Motion to shorten time are
**DENIED** as moot.

   **IT IS SO ORDERED.**

DATED:  December 15, 2011

                                     _____
                                     Irma E. Gonzalez, Chief Judge
                                     United States District Court

CC:      ALL PARTIES